331 N.W.2d 120 (1983)
The FIRST NATIONAL BANK IN CRESTON, Creston, Iowa, A Corporation, Appellant,
v.
Martha A. SMITH, d/b/a Ludwig Bavarian Inn, A Sole Proprietorship, and Robert E. Smith, a/k/a Robert Earl Smith, Wife and Husband, and Eugene Cordell, d/b/a Cordell Construction, Appellees.
Eugene CORDELL, d/b/a Cordell Construction, Appellee,
v.
Martha A. SMITH, d/b/a Ludwig Bavarian Inn, A Sole Proprietorship and Robert E. Smith, a/k/a Robert Earl Smith, Wife and Husband, Appellees.
No. 68036.
Supreme Court of Iowa.
March 16, 1983.
*121 Paul J. Boysen, Jr., of Camp, Harsh & Boysen, Creston, for appellant.
Lennis J. Holm, of Anderson, Werner & Holm, Creston, and Gordon K. Darling, of Darling, Chickering & Darling, Winterset, for appellee Cordell.
James L. Spellman, of Neiman, Neiman, Stone & Spellman, P.C., Des Moines, for appellees Smith.
Considered by LeGRAND,[*] P.J., and HARRIS, McCORMICK, McGIVERIN, and CARTER, JJ.
CARTER, Justice.
Plaintiff bank appeals from a judgment for defendant contractor on the contractor's counterclaim to declare priority and foreclosure of a mechanic's lien on property on which the plaintiff bank holds a mortgage. On appeal, plaintiff bank asserts that the evidence conclusively established that a document signed by the defendant contractor and designated "waiver of mechanic's lien" was in fact a complete waiver of any claim to a lien on the property for work performed both before and after the date on the document. In the alternative, the bank claims that the evidence fails to establish that sums owing the defendant contractor by the owner were for work performed subsequent to the date of the lien waiver agreement. It is also asserted that the trial court abused its discretion in permitting the defendant contractor to file a counterclaim some ten months after his original answer and only two months before trial. We review *122 these claims and affirm the judgment of the trial court.

I. Scope of Review.

At the outset, we conclude that because the action in the trial court was maintained and tried as an equitable proceeding, our review under Iowa Rule of Appellate Procedure 4 is de novo. Anderson v. City of Cedar Rapids, 168 N.W.2d 739, 741 (Iowa 1969). We give weight to the fact findings of the trial court but are not bound by them. Iowa R.App.P. 14(f)(7).

II. Interpretation of the Written Lien Waiver.

The fighting issue in the present appeal is whether the trial court correctly found and concluded that the written waiver of mechanic's lien executed by the defendant contractor and dated June 23, 1980, which recited payment of $385,400 was only intended to waive defendant's right to claim a lien for that portion of the contract for which he had in fact been paid. In resolving this issue, we consider the following facts.
The plaintiff bank stipulated prior to trial that (1) the total amount which the owners of the property were obligated to pay the defendant contractor under the "agreed arrangement" for construction of a restaurant facility on their property was $456,251.33; (2) the total of payments made by the owners in discharge of such indebtedness was $401,576.90, leaving a balance owed of $54,674.43; (3) the defendant contractor performed the services and furnished the material under such "agreed arrangement" between August 29, 1979, and September 10, 1980; and (4) the mortgage on which the bank's claim is based was executed by the owners on January 17, 1980.
In addition to these stipulated facts, it appears without dispute that on September 11, 1980, the defendant contractor filed and perfected a mechanic's lien on the real estate of the owners Martha Smith and Robert Smith on which the restaurant was constructed. The amount of the lien which was thus filed was $60,662. It also appears without dispute that the bank received no waiver of lien or subordination agreement from the defendant contractor prior to late October or early November of 1980 at which time work on the contract had been completed and the lien had been filed and perfected. The document executed by the contractor at this time was back-dated to June 23, 1980, and acknowledged receipt of $385,400 from the owners and recited: "I/we do hereby waive and release any and all my/our right or claim of rights, to file and establish a mechanic's lien against [the subject premises]." This document was secured from the contractor at the request of the owners and apparently delivered by them to the bank.
The defendant contractor testified at the trial that this written instrument was dated June 23, 1980, and the consideration of $385,400 was recited so as to evidence the amount of the contract payments he had received on the contract as of that date from the construction loan made by the bank. He further testified that the document was only intended to waive any claim to a mechanic's lien to the extent of such payment. This testimony is corroborated to some extent by the testimony of defendant Martha Smith, one of the owners. Testimony from a representative of the bank indicated that mechanic's lien waivers were required for disbursement of the progress payments of the construction loan funds for the contract price of $385,400 and that none of the mortgage proceeds were paid toward any of the contract extras.
In interpreting the meaning of written instruments we seek to give effect to the intention of the parties in conformity with a reasonable application of the circumstances under which the instrument was executed. Miller v. Geerlings, 256 Iowa 569, 576-77, 128 N.W.2d 207, 213 (1964); Darnall v. Day, 240 Iowa 665, 670-71, 37 N.W.2d 277, 280 (1949). Upon our de novo review of the transaction at issue, we agree with the trial court's finding that the so-called "waiver of mechanic's lien" was intended, as between the defendant contractor and the owners, as a waiver of the contractor's right to assert a lien for work which had been paid for from the construction loan proceeds. Because the commencement *123 of work by the contractor under agreement with the owners clearly antedates the bank's mortgage, the rights of the plaintiff bank can rise no higher than those of the owners. Iowa Code § 572.18 (1981). We find support for our conclusion in the fact that when the waiver form was executed the contractor had already perfected a lien for the extra work which had been performed in addition to that covered by the contract price of $385,400, for which the bank's construction funds were available. The written waiver makes no reference to release of that lien and no formal release thereof has ever been obtained by the owners or the bank. No reason has been made to appear why the contractor would release the security of his perfected lien for sums concededly owing and unpaid which, in the absence of such release, was clearly prior to the mortgage of the bank.

III. Time of Performance of the Extra Work.

We next consider the alternative claim of the plaintiff bank that the contractor, in order to prevail, was required to show the value of work performed after June 23, 1980, the date on the lien waiver. Assuming the major premise of the bank's contention is sound, we believe the required showing is fully satisfied by the stipulation of facts showing an unpaid balance for all work performed of $54,674.43, the testimony of the contractor that the lien waiver covered payments made prior to June 23, 1980, and the additional testimony that as of that date, the contractor had been paid in full. We sustain the trial court's finding that the defendant contractor established a lien prior to the bank's mortgage (or its subsequent interest as title holder) in the sum of $54,674.43 plus interest and costs.
IV. Late Filing of Defendant Contractor's Counterclaim.
Finally, we consider the claim of the plaintiff bank that the trial court abused its discretion in permitting the contractor's counterclaim to be filed some ten months after his original answer and only two months before trial. The issue of the relative priority of the plaintiff bank's mortgage and the contractor's mechanic's lien was placed in issue in paragraphs eleven and twelve of the bank's petition for foreclosure of its mortgage. It thereby assumed the burden to prove that its mortgage was the senior of the two liens. During the pendency of the action, the bank accepted a deed conveying to it the title of defendant Martha Smith and defendant Robert Smith to the subject premises. It was only after learning of this occurrence that the defendant contractor filed a counterclaim for foreclosure of his mechanic's lien against the bank. Based upon these transactions, we conclude that the counterclaim qualifies as a valid supplemental pleading under Rule 90, Iowa Rules of Civil Procedure. The trial court did not abuse its discretion in permitting the counterclaim to be filed. See Moser v. Thorp Sales Corp., 312 N.W.2d 881, 895 (Iowa 1981); Hackney v. Tower, 260 Iowa 1101, 1107, 152 N.W.2d 257, 261 (1967).
We have considered all issues necessary to decide the present appeal and find no reason to disturb the judgment of the trial court.
AFFIRMED.
NOTES
[*] Senior Judge