James P. KLAES, Appellee,

v.

Harvey D. SCHOLL, Appellant.

Harvey D. SCHOLL, Appellant,

v.

CITY OF CLINTON, Iowa; James P. Klaes; David Speakman; and Thomas Hansen, Appellees.

No. 84–121.

Supreme Court of Iowa.

Oct. 16, 1985.

Harold J. DeLange II of Wehr & De-Lange, Davenport, for appellant.

Timothy J. Walker of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellees City of Clinton, Klaes, Speakman, and Hansen.

James D. Bruhn of Shaff, Farwell & Senneff, Clinton, for appellee Klaes.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This further review of a decision of the Court of Appeals presents the issue of whether the trial court erred in overruling objections by Harvey D. Scholl to questions of him regarding instances of prior assaultive conduct by him including arrests and guilty pleas. The case involves the circumstances surrounding the arrest of Scholl in the early morning of December 19, 1981.

James P. Klaes filed a civil action against Scholl on March 10, 1982, alleging that on December 19 preceding he was on duty as a police officer of the City of Clinton, Iowa. He further alleged that during the commission of his lawful arrest of Scholl for operating a motor vehicle while under the influence of alcohol (OWI), Scholl became violent, physically resisted arrest, and committed a "brutal" assault and battery upon Klaes by biting his right thumb and forefinger. Scholl denied these allegations.

On June 3, 1982, Scholl filed a civil action against the City of Clinton, Klaes, David Speaksman, and Thomas Hansen (whom we will refer to as defendants) alleging that on December 19 preceding, during the course of his arrest, the individual defendants (officers of the Clinton police department) committed an assault and battery on him by striking him and throwing him against a car, for which he claimed damages. Defendants denied these allegations.

The two cases, as well as a related case by the City, were consolidated. The city's case was later dismissed.

The testimony at trial was in conflict as to who was the aggressor in the altercation. The jury returned a verdict for Klaes against Scholl in the amount of $6000 actual and $10,000 exemplary damages, and rejected Scholl's claim. Scholl appealed.

On appeal Scholl argues that the trial court erred in allowing cross-examination of him concerning prior unrelated instances of assaultive conduct by him including arrests and guilty pleas. Scholl's attorney unsuccessfully made repeated objections at the time on various grounds including irrelevancy, incompetency, immateriality, prejudice, and exceeding the scope of direct examination. Defendants cited rules 404 and 405 of the Iowa Rules of Evidence. Upon examination of the record we find that Scholl preserved the error he now asserts. The record of the cross-examination in question follows (objections and rulings omitted):

Q. [Mr. Bruhn, Klaes' attorney] Harvey, have you ever assaulted anybody before?

. . .

A. Only after they assaulted me.

. . .

Q. Mr. Scholl, isn't it a fact that on July 21, 1981, you were arrested in Rotterdam, New York, and charged with Assault in the Third Degree?

. . .

A. I don't know as to the degree; but, yes.

. . .

Q. And isn't it a fact that you pled guilty to the charge on July 23, 1981, two days later?

. . .

A. I didn't have a lawyer or nothing.
Q. Did you plead guilty?

. . .

A. Threw my mercy on the Court.

Q. And the assault on July 21, 1981, isn't that a fact that that involved a police officer?

. . .

A. No.

. . .

Q. What did that involve, Mr. Scholl?

. . .

A. It involved a dock worker coming at me and going to strike me. I ducked and hit him.
Q. And you—and you were charged with assault as a result of that? A. Right.

. . .

Q. Were you, in fact, arrested on August 29, 1977, in Fort Wayne, Indiana? A. No.

. . .

Q. You were not arrested? A. Not in Fort Wayne, Indiana, that I remember.
Q. Anywhere in Indiana? A. Could be.
Q. Do you recall being arrested and charged in connection with an assault involving a police officer or the police officer's vehicle?

. . .

A. You'd have to give more details because it's been a long time.
Q. Have you ever within the last ten years been charged in Indiana—in connection with any incident involving an assault and a police officer or a police officer's vehicle?

. . .

A. I do not remember.
Q. If I were to hand you a copy of a Federal Bureau of Investigation arrest record, would that refresh your recollection [tendering a document to the witness]? A. No, not—not—the situation.
Q. What do you mean not that situation? A. I don't remember the squad car or whatever they're talking about.

. . .

Q. So you're not denying that it might be true, but you're telling us that you don't recall? A. Right.

Q. Fine.

. . .

Q. Perhaps this would refresh your recollection. Let me hand you a copy of a criminal transcript from the State of Indiana.

. . .

Q. Does that refresh your recollection? A. No. You have to—more information than that.

Q. Maybe you could give me some information. You don't recall ever being arrested and charged in the State of Indiana within the past ten years? A. I've had all kinds of speeding tickets and that.

Q. Anything other than speeding tickets? A. Just with the truck.

Q. Okay. Let's move on. Do you recall being arrested on December 30, 1973, in Milesburg, Pennsylvania, and charged with aggravated assault, resisting arrest?

. . .

A. In reference to what?

Q. Do you recall being charged—arrested and charged in Milesburg, Pennsylvania, on December 30, 1973, charged with aggravated assault, resisting arrest, to which you pled guilty to a simple assault charge and paid a fine? A. I guess.

Q. Thank you. Do you recall being arrested on February 9, 1975, in Erie, Pennsylvania, charged with aggravated assault? A. I don't remember the date. I guess.

The Court of Appeals upheld the rulings admitting the evidence. Referring to Iowa Rule of Evidence 404(a)(2)(B) that court stated, "The Iowa rule in civil cases is straight forward and provides that evidence of Scholl's prior assaultive conduct is clearly admissible." On Scholl's application, we granted further review.

The parties agree that the evidence of Scholl's prior assaultive conduct was elicited as proof of his character. In Scholl's action against defendants, Scholl was the alleged victim. Defendants assert that this evidence is admissible for a variety of reasons. They first argue that it is admissible under rule 404(a)(2)(B) of the Iowa Rules of Evidence:

(a) *Character evidence generally.* Evidence of a person's character or trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

. . .

(2) *Character of victim.*

. . .

(B) *In civil cases.* Evidence of character for violence of the *victim* of assaultive conduct offered on the issue of self defense by a party accused of the assaultive conduct, or evidence of peaceable character to rebut the same;

. . .

(Emphasis added.) Subpart (a)(2)(B) is not found in the Federal Rules of Evidence. The Iowa Advisory Committee comment states that the same standard used in criminal cases applies in the civil situation.

■ I. In his case against defendants, Scholl was the alleged victim of assaultive conduct, but defendants claimed that Scholl was the aggressor. In that scenario evidence of Scholl's *character* for violence would be admissible under rule 404(a)(2)(B). *See State v. Jacoby,* 260 N.W.2d 828 (Iowa 1977); *Carrick v. McFadden,* 216 Kan. 683, 533 P.2d 1249 (1975); Annot., 91 A.L.R.3d 718 § 16, at 747 (1979). The rule, however, does not state that evidence of specific instances of prior assaultive *conduct* is admissible. Subpart (a)(2)(B) is merely an exception to the general rule that evidence of a person's *character* is inadmissible to prove action in conformity therewith. It does not speak to the admissibility of specific *instances* of conduct.

Paragraph (b) of rule 404, however, does address this point:

(b) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In line with this paragraph, we have held evidence inadmissible of other crimes, acts, or wrongs introduced for the purpose of proving the person committing such acts acted on a particular occasion in conformity therewith. *State v. Finchum,* 364 N.W.2d 222, 225 (Iowa 1985). Such evidence is objectionable unless it is introduced for an allowable purpose in the second sentence of paragraph (b), which is inapplicable here. *State v. Mendiola,* 360 N.W.2d 780, 781 (Iowa 1985).

Defendants ask us to read paragraph (b) to prohibit only evidence of other crimes, wrongs, or acts which are totally irrelevant to the issue of violent character, when such character evidence is admissible under subpart (a)(2)(B). They cite *United States v. Greschner,* 647 F.2d 740 (7th Cir.1981). *Greschner,* however, did not deal with paragraph (b) and the case is not authority as to that paragraph.

■ Defendants further contend that to prohibit introduction of evidence of prior crimes, wrongs, or acts related to Scholl's violent character would render subpart (a)(2)(B) a nullity. We disagree. Paragraph (b) of rule 404 states in substance that evidence of *instances* of Scholl's prior assaultive conduct is inadmissible; it does not prohibit proof of Scholl's *character* for violence, under subpart (a)(2)(B).

We reviewed the analogous situation of evidence of specific acts to prove the violent character of a homicide victim in *State v. Jacoby,* 260 N.W.2d 828, 836 (Iowa 1977). *See* Iowa Rules of Evidence 404(a)(2)(A). In that case we said:

It is the rule in Iowa and the majority of jurisdictions that quarrelsome, violent, aggressive or turbulent character of a homicide victim cannot be established by proof of specific acts.

. . . .

A minority rule permitting evidence of specific acts unknown to the defendant, to show the victim was the aggressor, has been applied in at least two federal circuits. However, the new Federal Rules of Evidence indicate a shift to the majority rule where, as here, character is sought to be shown circumstantially.

*Id.* at 836 (citations omitted). We hold that specific instances are not admissible under subpart (a)(2)(B).

II. Defendants also contend that the cross-examination of Scholl was permissible under rule 405 of the Iowa Rules of Evidence. The methods of proving character are set out in that rule. It states:

(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or a trait of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

Pursuant to rule 405(a) defendants could of course have introduced evidence of Scholl's violent character by reputation or opinion testimony.

■ The second sentence of paragraph (a) allows inquiry into relevant specific instances of conduct on cross-examination. Defendants contend that under this sentence their cross-examination of Scholl was permissible. But this sentence must be read in connection with the prior sentence. It permits such inquiry only on cross-examination of a witness who has testified concerning the character of the person. Fed.R. of Evid. 405, Advisory Committee Note. This is not inconsistent with rule 404(b), because under rule 405(a) the specific instances of conduct are allowed to test

the witness' basis for his testimony, not to prove the person acted in conformity with such acts. *State v. Keul*, 233 Iowa 852, 857, 5 N.W.2d 849, 852–53 (1942).

Defendants also argue that the evidence of Scholl's prior assaultive conduct is admissible because Scholl placed his character "in issue," and proof of specific instances of conduct are therefore allowable under rule 405(b). This argument is not precluded by our interpretation of the fit between rules 404 and 405. If character or a trait of character of Scholl is an essential element of the charge, claim, or defense, proof of specific instances is allowable.

In this situation evidence of conduct is not introduced to prove action in conformity therewith (prohibited by rule 404(b)), but to prove an essential element. Only when character is in issue in the strictest sense, and is thus deserving of searching inquiry, is proof by specific acts allowed under rule 405(b). Fed.R.Evid. 405, Advisory Committee Note. Thus only when character or a trait of character is an operative fact determining the parties' rights and liabilities are specific instances of conduct a proper method of proving character. McCormick on Evidence § 187 (2d ed.1972). The instances of character in issue as required by rule 405(b) are "rather rare." 22 Wright & Graham, Federal Practice and Procedure § 5235, at 368 n.3 (1972). The rationale of this limitation is that while evidence of a specific instance of conduct is a convincing method of proof, "it possesses the greatest capacity to arouse prejudice, to confuse, to suppress, and to consume time." Fed.R.Evid. 405, Advisory Committee Note.

Defendants argue, however, that Scholl's character is actually an essential element in this case for two reasons. First, his character is an essential element of his defense of self defense. Proof of peaceable character, however, is not essential to self-defense; the most pugnacious kind of individual may on a given occasion be the defender and not the aggressor.

A few cases apparently do hold that when an issue exists as to who committed the aggression, *character* of the victim is "in issue" and evidence of specific acts is admissible. *See, e.g., Amarok v. State*, 671 P.2d 882 (Alaska App., 1983); *Stanley v. Willingham*, 93 Ga.App. 421, 91 S.E.2d 791, (1956); *State v. Melendez*, 97 N.M. 740, 643 P.2d 609, *rev'd on other grounds*, 97 N.M. 738, 643 P.2d 607 (1981). We believe, however, that in cases like this one the "issue" in question is not one of *character* but rather of *conduct*. *Virgin Islands v. Carino*, 631 F.2d 226, 229 (3rd Cir.1980); *Pino v. Koelber*, 389 So.2d 1191, 1193–94 (Fla.App.1980); *Dahlen v. Landis*, 314 N.W.2d 63, 71 (N.D.1983); McCormick on Evidence § 192 (2nd ed.1972). We hold therefore the evidence of Scholl's prior conduct did not go to an essential element of self-defense as required by rule 405(b) and was not admissible.

We note that we are not dealing with the special situation in which the person claiming self defense had actual knowledge of the other person's prior acts of violence. *See People v. Jones*, 675 P.2d 9, 17 (Colo. 1984); Annot., 91 A.L.R.3d 718 § 16 (1979). We intimate no opinion as to that situation.

Second, defendants assert that Scholl "put his character in issue" by alleging in his petition that "injuries suffered by plaintiff ... have held him up to public ridicule and contempt." Scholl's character, however, is not an essential element of his claim for damages. He must prove his damages, but he need not prove injury to his character to establish them.

This is not a situation where the nature of the action itself involves the character of a party. An example cited for that type of action is "The chastity of the victim under a statute specifying her character as an element of the crime of seduction...." Fed.R.Evid. 404, Advisory Committee Note. *See Hardwick v. Hardwick*, 130 Iowa 230, 237 (1906) (claim of alienation of affections directly affected by the plaintiff's moral character); *Gajewski v. Bratcher*, 307 N.W.2d 826, 831 (N.D.1981) (claim of slander to person); 22 Wright & Graham, Fed-

eral Practice and Procedure § 5235 (2d ed. 1972 & Supp.1985) (citing illustrations). Specific instances of Scholl's prior conduct were not admissible on this basis.

Defendants could have introduced character or opinion evidence, but the trial court erred in overruling Scholl's objections to defendants' questions regarding specific instances.

DECISION OF COURT OF APPEALS VACATED.

JUDGMENT OF DISTRICT COURT REVERSED.