James P. KLAES, Appellant,

v.

Harvey D. SCHOLL, Appellee.

Harvey D. SCHOLL, Plaintiff,

v.

The CITY OF CLINTON, Iowa; James P. Klaes; David Speakman; and Thomas Hansen, Defendants.

No. 86–983.

Supreme Court of Iowa.

Sept. 23, 1987.

James D. Bruhn of Shaff & Farwell, Clinton, for appellant.

Harold J. DeLange II of Wehr & De-Lange, Davenport, and Kent A. Simmons of Liebbe & Simmons, Davenport, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and LAVORATO, JJ.

LARSON, Justice.

James P. Klaes obtained a $16,000 judgment against Harvey D. Scholl for an alleged assault and battery. Scholl appealed the judgment, but while the case was on appeal, Klaes levied on Scholl's truck-tractor, and it was sold at sheriff's sale. The judgment was reversed and the case remanded. *Klaes v. Scholl*, 375 N.W.2d 671 (Iowa 1985). After the reversal, Scholl sought reimbursement for the truck which had been sold. *See* Iowa Code § 686.15 (1985) (restoration of property sold at sher-

iff's sale, or its value, on reversal of judgment). The district court awarded Scholl damages based on the market value of the truck at the time of the sheriff's sale. Klaes appealed, claiming the court erred in awarding restitution for a greater amount than he had received from the sheriff's sale. We affirm.

Klaes concedes that Scholl is entitled to restitution, but contends that the restitution must be limited to the amount received by Klaes at the sheriff's sale, plus interest and costs. In support of that argument, he contends: (1) Iowa Code section 686.15, for restoration to the former owner by the return of the property "or its value," should be interpreted to limit restitution to the amount received by the judgment creditor at the sheriff's sale; and (2) even if he fails in his interpretation argument, the case must nevertheless be reversed because the court erred in its fact-finding on value.

I. Iowa Code section 686.15 provides:

If, by the decision of an appellate court, the appellant becomes entitled to a restoration of any part of the money or property that was taken from the appellant by means of a judgment or order, either the appellate court or the court below may direct execution or writ of restitution to issue for the purpose of restoring to the appellant such property *or its value.*

(Emphasis added.)

■ We have interpreted "its value" in this context to mean market value at the time of sale, without limiting it to the amount received at the sheriff's sale. In *Hess v. Cedar Rapids State Bank,* 191 Iowa 685, 182 N.W. 813 (1921), a bank foreclosed on a chattel mortgage and sold the collateral at the sheriff's sale for $3000. The judgment was reversed on appeal. After the reversal, the previous owner sued for restitution under the predecessor to Iowa Code section 686.15. The trial court awarded him a judgment against a bank for the amount of $5532, which was substantially more than the bank had realized from the sheriff's sale. In resolving the question of whether the previous owner

was entitled to restitution in excess of the amount received by the judgment creditor at the sheriff's sale, we discussed the policy arguments on both sides, but held that the legislature had made it clear that "its value" under the statute was not to be limited by the amount of recovery from the sheriff's sale. We said:

In our state, the question is governed by statute, and whatever the rule may be in other jurisdictions, the statute must and does control. Evidently, our legislature, in the light of the conflict of decisions as to the true rule, adopted the rule ... that, upon reversal of a judgment, the person whose property has been sold on execution under such judgment is entitled to the return of the property; or, if it cannot be returned, then he is entitled to its value when taken. We think this is a just rule; for his property has been taken from him, and, by reversal of the judgment, it has been adjudicated that he is wrongfully deprived thereof. He was innocent of wrong, and, if the property cannot be returned, justice requires that he should have its value at the time it was taken. Nothing short of this will compensate him for his loss.

*Id.* at 690, 182 N.W. at 815 (citation omitted).

Klaes suggests that, if *Hess* may be read to support the district court's ruling in this case, it should be overruled. In view of the clear language of the statute, however, interpreting section 686.15 to limit restitution to the amount received at the sheriff's sale would be tantamount to judicial legislation, and we decline to do so.

■ II. Klaes argues, alternatively, that the district court erred in its determination of the truck's value. He argues, first, that restitution is an equitable concept and the truck's value must be determined by us de novo. The problem with this argument is that the case was tried in district court as a law action, so it will be treated as such on appeal. *First Nat'l Bank v. Smith,* 331 N.W.2d 120, 122 (Iowa 1983); *Petersen v. City of Decorah,* 259 N.W.2d 553, 554 (Iowa App.1977). This means that findings of fact by the trial

court are binding on us if supported by substantial evidence. Klaes argues that, even if the substantial evidence rule applies, there was insufficient evidence here to support the trial court's finding. We disagree; the record included testimony of three appraisers, qualified in the area of truck values, whose testimony lent substantial support on the issue.

We find no basis for reversal.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., who concurs in the result.