# IN THE COURT OF APPEALS OF IOWA

No. 17-1925
Filed May 13, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JOSHUA RUSSELL GUILL,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Decatur County, Dustria A. Relph,

Judge.


     Defendant appeals his conviction for second-degree murder.  **AFFIRMED.**


     Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Genevieve Reinkoester and

Denise Timmins, Assistant Attorneys General, for appellee.


     Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VAITHESWARAN, Presiding Judge.**

Joshua Guill's infant son died while in his care. The Polk County chief medical examiner found "[b]lunt impact to [the child's] head with [m]ultiple . . . fractures"; several types of "hemorrhages," meaning "bruise[s]" and "blood"; and "[s]evere cerebral swelling." He determined the cause of death was "[c]ranicerebral trauma," which he described as "trauma to the brain and skull." He opined that the child "was injured through a combination of violent shaking and . . . impact." The manner of death was "as a result of homicide."

The State charged Guill with first-degree murder and child endangerment resulting in death. A jury found him guilty of the lesser-included offense of second-degree murder and child-endangerment resulting in death. The district court merged the two convictions and entered judgment and sentence on the second-degree murder count.

On appeal, Guill contends (1) the district court abused its discretion in excluding the testimony of his two younger brothers, who were slated to describe his "non-violence and patience as a caregiver as they were growing up," (2) the district court erred in refusing to give a jury instruction on prior inconsistent statements under oath, and (3) his trial attorney was ineffective in failing to object to a jury instruction stating that the jury could consider his out-of-court statements "just as if they had been made at this trial."

## I.      Exclusion of Testimony

Before trial, the State filed a motion in limine to exclude "[a]ny witness testifying to the character of the defendant, other than" his character for "truthfulness or untruthfulness offered after the defendant testifies." The State

specifically sought the exclusion of "statements by a witness that they do not believe the defendant would commit such a crime, they do not believe the defendant would abuse a child, they have never observed the defendant act in an abusive manner towards a child, or that the defendant was calm, slow to anger, or similar statements." Guill objected to that portion of the motion as overbroad. The district court reserved ruling on the motion.

At trial, Guill stated he would call his younger twin brothers to testify that he "was their caretaker" and he "never hurt them, even when they were . . . small child[ren] . . . and that he committed no injuries and their care under him was completely without violence or anger of any sort." The district court excluded the testimony. The court cited Iowa Rules of Evidence 5.404 and 5.405 and stated the evidence was "irrelevant as to whether the defendant could have committed the crimes against the child."

Guill made an offer of proof. One of the brothers agreed he "would be expected to testify that . . . Guill took care of them from the age of at least . . . three on up, that they never had any problems[;] [h]e was never physical or abusive towards them in any way[;] [and] [h]e never attacked them or punched them or assaulted them as a child." The other brother similarly agreed he was the "stepbrother of . . . Guill, that [Guill] helped raise [him] from about the time [he was] three up until, perhaps, around high school[;] [d]uring that time Guill was never abusive to [him;] [and] [h]e never committed assault on [him], certainly, not as a young infant."

Following trial, Guill raised the issue again in a new trial motion. The district court denied the motion, reiterating that "to allow [the brothers'] testimony would have been improper character and propensity evidence."

As the district court stated, Iowa Rules of Evidence 5.404 and 5.405 govern the issue. Under Rule 5.404(a)(1), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." But in criminal cases, "[a] defendant may offer evidence of the defendant's pertinent trait." Iowa R. Evid. 5.404(a)(2)(A)(i). And "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Iowa R. Evid. 5.405(a). On the other hand, "relevant specific instances of the person's conduct" may be used to prove character or a character trait only "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense." Iowa R. Evid. 5.405(b).

Guill argues the proffered testimony "was opinion evidence of his pertinent character trait of patient, non-physical parenting" and the trait was "relevant and particularly pertinent to the crimes for which [he] was being tried—child endangerment and murder committed by assaulting his three-month-old son." We need not reach the question of whether the evidence encompassed a "pertinent trait" within the meaning of rule 5.404(a)(2)(A)(i) because we agree with the State that the evidence was inadmissible as "opinion" evidence under rule 5.405(a).

Simply stated, the proffers contained no opinions about Guill's pertinent character traits. Instead, the twins were slated to testify about Guill's specific conduct in caring for them when they were children. Their expected testimony,

then, had to meet the prerequisites of rule 5.405(b) rather than 5.405(a). In particular, Guill had to establish that the character trait of "patient, non-physical parenting" was either an element of the State's charges or of his defense. *See* Iowa R. Evid. 5.405(b); *State v. Williams*, 929 N.W.2d 621, 635 (Iowa 2019) (stating the "plain text of rule 5.405 . . . allows specific-acts evidence to be used to prove character only when character is an 'essential element' of a charge, claim, or defense").[1]

In *Williams*, the court reaffirmed the narrow scope of admissibility under rule 5.405(b), as articulated in *Klaes v. Scholl*, 375 N.W.2d 671, 676 (Iowa 1985). 929 N.W.2d at 636. In *Klaes*, the court stated, "Only when character is in issue in the strictest sense, and is thus deserving of searching inquiry, is proof by specific acts allowed under rule [5.]405(b)." *Klaes*, 375 N.W.2d at 676.

The marshalling instructions for second-degree murder and child endangerment resulting in death did not include character elements. Nor did Guill's defense, which was premised on casting blame for the infant's injuries and death on the child's mother. *See id.* (acknowledging cases holding "that when an issue exists as to who committed the aggression, *character* of the victim is 'in issue' and evidence of specific acts is admissible" but stating "the 'issue' in question is not one of *character* but rather of *conduct*"). Accordingly, Guill could not offer the twins' specific instances of conduct to establish his pertinent trait of "patient, non-

---

[1] In *Williams,* the court was faced with admission of "a victim's pertinent trait" under rule 5.504(a)(2)(A)(ii) rather than a "defendant's pertinent trait" under rule 5.404(a)(2)(A)(i). 929 N.W.2d at 636. But the court's focus was on the method of establishing the pertinent trait under rule 5.405 and, specifically, the defendant's attempt to use the victim's specific conduct to establish the victim's aggressive or violent character under rule 5.404(b). *Id.*

physical parenting." We conclude the evidence was inadmissible under rule 5.405(b) and the district court did not abuse its discretion in excluding it. *See State v. Werts*, No. 01-1813, 2003 WL 21696562, at *5 (Iowa Ct. App. July 23, 2003), *aff'd*, 677 N.W.2d 734 (Iowa 2004) (concluding trial court did not abuse its discretion in excluding evidence of "specific instances of conduct by the defendant that would tend to show he was patient, took good care of children, did not lose her temper, or physically punish children").

## II. Jury Instruction – Prior Inconsistent Statements Under Oath

Guill contends the district court erred in refusing to give the following proposed instruction based on model criminal jury instruction 200.43:

> You have heard evidence claiming State's witnesses Jasmine Kifer and Dr. Gregory Schmunk made statements before this trial while under oath which were inconsistent with what Jasmine Kifer and Dr. Gregory Schmunk said in this trial. If you find these statements were made and were inconsistent, then you may consider them as part of the evidence, just as if they had been made at this trial.
>
> You may also use these statements to help you decide if you believe Jasmine Kifer and Dr. Gregory Schmunk. You may disregard all or any part of the testimony if you find the statements were made and were inconsistent with the testimony given at trial, but you are not required to do so. Do not disregard the trial testimony if other evidence you believe supports it or you believe it for any other reason.

Our review is for correction of errors at law. *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013).

We discern no error because the substance of the proposed instruction was encompassed in another instruction that stated, when considering what testimony to believe, the jury should consider "[w]hether a witness has made inconsistent statements." *See State v. Hardin*, 569 N.W.2d 517, 521 (Iowa Ct. App. 1997)

(noting another jury instruction "advised the jury, among other things, that in assessing witness credibility, it should consider 'whether a witness has made inconsistent statements'"); *State v. Davis*, No. 18-0616, 2019 WL 1300413, at *4 (Iowa Ct. App. Mar. 20, 2019) (concluding district court's failure to give the jury the cited inconsistency instruction was not prejudicial because another jury instruction "fairly defined the jury's task and conveyed the need for the testimony to be scrutinized") (citation omitted); *State v. Green*, No. 13-0653, 2014 WL 1714461, at *4 (Iowa Ct. App. Apr. 30, 2014) (finding no error in the failure to give the inconsistency instruction cited above where the district court gave a credibility instruction and allowed the defendant "to argue any alleged inconsistencies").

### III.      *Ineffective Assistance – Jury Instruction*

The jury was given the following instruction: "Evidence has been offered to show that the defendant made statements at an earlier time and place.  If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial."

Guill argues his attorney should have objected to the "just as if they had been made at this trial" language.  Although the challenged language has since been deleted from model criminal jury instruction 200.44 on which the district court relied, the court of appeals has consistently upheld the old language.  *See, e.g.*, *State v. Levy*, No. 18-0511, 2020 WL 567696, at *7 (Iowa Ct. App. Feb. 5, 2020); *State v. Hellman*, No. 18-1179, 2020 WL 110283, at *2 (Iowa Ct. App. Jan. 9, 2020); *State v. Chrzan*, No. 181327, 2019 WL 5067174, at *3 (Iowa Ct. App. Oct. 9, 2019); *State v. South*, No. 18-0356, 2019 WL 1294101, at *2 (Iowa Ct. App. Mar. 20, 2019); *State v. Lustgraaf*, No. 18-0167, 2019 WL 1055838, at *1 (Iowa

Ct. App. Mar. 6, 2019); *State v. Reed*, No. 18-0075, 2019 WL 719169, at *4 (Iowa Ct. App. Feb. 20, 2019); *State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *5 (Iowa Ct. App. Jun. 20, 2018); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *9-10 (Iowa Ct. App. Mar. 7, 2018); *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *3 (Iowa Ct. App. Feb. 7, 2018); *State v. Wineinger*, No. 16-1471, 2017 WL 6027727, at *3 (Iowa Ct. App. Nov. 22, 2017); *State v. Tucker*, No. 13-1790, 2015 WL 405970, at *3 (Iowa Ct. App. Jan. 28, 2015).  We conclude counsel did not perform deficiently in failing to object to the instruction.  *See Levy*, 2020 WL 567696, at *7.

We affirm Guill's judgment and sentence.

**AFFIRMED.**