# IN THE COURT OF APPEALS OF IOWA

No. 23-0785
Filed January 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDWIN ALLEN III,**
        Defendant-Appellant.
_____


        Discretionary review from the Iowa District Court for Polk County, Brendan Greiner, District Associate Judge.


        Edwin Allen III appeals the sentence imposed following his plea of guilty.

**REVERSED AND REMANDED WITH DIRECTIONS.**


        Nicholas A. Sarcone of Babich Sarcone PLLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., Schumacher, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BOWER, Chief Judge.**

Edwin Allen III appeals the sentence imposed following his plea of guilty, challenging the use of information by the district court without providing him notice. On discretionary review, because the court considered matters outside the record without notice to Allen prior to sentencing, we reverse and remand for resentencing.

## I.    *Background Facts and Proceedings*

Allen was charged with harassment in the second degree, threatening to commit bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.7(3) (2022). The matter came before a district associate judge for a pretrial hearing after which Allen pleaded guilty to disorderly conduct, a simple misdemeanor, in violation of section 723.4(1)(b). The parties' plea agreement called for a $105 minimum fine, extension of a no-contact order protecting two people, and Allen's participation in a substance-abuse evaluation and recommended treatment.[1]

During a combined sentencing hearing three months later while represented by different counsel,[2] the court sentenced Allen to a thirty-day suspended sentence, one year of probation, and a $105 fine. In its sentencing order, the court indicated one of the reasons for the sentence was "statements made by defendant in open court." Defense counsel objected, but the court

---

[1] Sentencing was to be scheduled after the trial of another charge against Allen.
[2] Allen stood convicted of two counts of disorderly conduct—the instant case (SRCR363147) and the consolidated case (AGCR366661) both originally charged Allen with indictable offenses that resulted in pleas of guilty.

proceeded without addressing the objection. Allen waived reporting of the plea and sentencing hearings, so there are no transcripts to review.

On May 11, 2023, Allen filed an application for discretionary review arguing the sentencing court violated his due process rights and abused its discretion by considering and relying on facts outside the record without providing notice it intended to do so.[3]

That same date, Allen filed an Iowa Rule of Appellate Procedure Rule 6.806 statement of the proceedings. The district court held a hearing, and on June 9, the court filed a supplemental record, stating in part:

> (4) On Thursday, February 9, 2023, the parties appeared for a pretrial conference SRCR363147 [this case]. This is a typical court service day. The defendant was represented by attorney Steven DeVolder. The State was represented by Assistant Polk County Attorney Lucas Sterbick.
> (5) Following an in-person pretrial conference to resolve disputed matters in SRCR363147, the parties came back into the courtroom indicating they worked out a plea agreement.
> (6) Mr. Sterbick asked to be excused to the ante-courtroom to prepare and submit a proposed order. [Allen] and his attorney waited at counsel table for the order to be entered and for the court to accept

---

[3] Allen initially appealed to the district court because he was found guilty of a simple misdemeanor. However, Allen determined an application for discretionary review was appropriate because he was initially charged with an indictable offense.

The State argues that discretionary review is the wrong avenue for challenging a district associate court's exercise of discretion in sentencing Allen for a simple misdemeanor. It contends the plea was accepted by a district associate judge exercising the jurisdiction of a magistrate, *see* Iowa Code § 602.6306(1), thus the State argues the appeal is to the district court. *See Tyrrell v. Iowa Dist. Ct.*, 413 N.W.2d 674, 675 (Iowa 1987); Iowa Code § 602.6306(4).

However, we believe discretionary review is the appropriate avenue for appeal in this matter because Allen was initially charged with an indictable offense. *See Tyrrell*, 413 N.W.2d at 675–76 ("When a defendant, such as Tyrrell, has been charged initially with an indictable offense, and is thereby given access to all of the protections of district court practices and procedures, he has received the benefits of those practices and procedures at one point, and we believe that is all to which he is entitled. Any further review by an appellate court is purely discretionary."). We find no reason to disturb the supreme court's grant of discretionary review.

the plea to an amended charge. The court remained seated at the bench to continue with court service. There were also others present in the gallery and at the judicial assistant's desk. [Allen] engaged his attorney in conversation unrelated to the case. [Allen] was speaking in a normal, conversational tone that was easily heard by multiple people in the courtroom. The court's microphones were not on. The court heard the defendant make comments about Hispanics and African Americans which were offensive.

. . . .

(9) The parties appeared for sentencing in AGCR366661 and in SRCR363147 on May 1, 2023. Attorney Nicholas Sarcone now represented [Allen].

. . . .

(11) The factors the court considered in SRCR363147 were: the facts and circumstances of the case; the fact that this was directed towards one of his tenants; the fact that the recipients of the statements were children; and the offensive statements [Allen] made about ethnic minorities in the courtroom—off the record—at his plea in SRCR363147. The court believed an anger management course with probation was more appropriate than the fine agreed to in the plea agreement. The court imposed a suspended [thirty]-day jail sentence.

The supreme court granted discretionary review and transferred the case to this court.

## II.    *Standard of Review*

We review sentences for correction of errors at law. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). We reverse only if the sentencing court abused its discretion or there was some defect in the sentencing procedure. *Id.*

> The law is clear regarding consideration of impermissible sentencing factors. We will not vacate a sentence on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors. However, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required," even if it was "merely a 'secondary consideration.'"

*State v. Lovell*, 857 N.W. 2d 241, 242–43 (Iowa 2014) (alteration in original) (internal citations omitted).  We review constitutional questions de novo.  *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

### III.  Analysis

Allen claims the district court violated his due process rights and abused its discretion by relying on its understanding of his unreported statements in later sentencing him without notifying the defense of its intent to do so.  The State argues the court did not consider an improper factor because "[t]he defendant's character in general is a relevant consideration for courts at sentencing."

Iowa Code section 901.5 informs the court it is to "receiv[e] and examin[e] all pertinent information, including the presentence investigation report and victim impact statements" in determining a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."  We agree our supreme court has held consideration of a defendant's character is a permissible factor.  *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("[E]qually important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.").  Our supreme court

> has said, "[r]oughly stated, character is what a man actually is, while reputation is what his neighbors say he is."  *State v. Poston*, 199 Iowa 1073, 1074, 203 N.W. 257, 258 (1925).  "[Q]uarrelsome, violent, aggressive or turbulent character" is character evidence.  *Klaes v. Scholl*, 375 N.W.2d 671, 675 (Iowa 1985) (quoting *Jacoby*, 260 N.W.2d at 838); *see also State v. Webster*, 865 N.W.2d 223, 243 (Iowa 2015) (determining that a party's act of striking his ex-wife was

relevant to proving a violent character). On the other end of the spectrum, evidence used to prove a person's traits for "honesty, integrity, and good citizenship" or "peacefulness and nonviolence" is considered character evidence. *State v. Hobbs*, 172 N.W.2d 268, 271 (Iowa 1969).

*State v. Buelow*, 951 N.W.2d 879, 887–88 (Iowa 2020) (alterations in original); *see also Character evidence*, *Black's Law Dictionary* (11th ed. 2019) (defining character evidence as "[e]vidence regarding someone's general personality traits or propensities, of a praiseworthy or blameworthy nature; evidence of a person's moral standing in a community"). But we are not convinced statements a judge remembers a defendant said while it was conducting other pretrial proceedings can fairly be described as character evidence.

The State contends, "If the defendant has an outburst in court or displays an attitude of disrespect toward the judicial system during the proceedings, the district court does not need to inform the defendant prior to sentencing that it intends to rely on its observations of the defendant's behavior." To the extent such an outburst occurs during a proceeding involving the defendant, which is reported, we might agree. But here, what the district court described in the supplemental record was not an "outburst" nor was it related to a proceeding involving the defendant and reported, producing a record available for review. Nor is it information contained in a presentence investigation (PSI) report, which the defendant has an opportunity to review and contest. *Cf. Gordon*, 921 N.W.2d at 23 (noting the defendant and his attorney had access to the PSI report prior to sentencing, reviewed the report, and had no objection to materials within). Rather, it is the court's memory of statements made by the defendant to a different

attorney, which the court found "were offensive" and implied the comments were also racist.

The minutes of testimony include evidence that this crime was racially motivated. A racially offensive remark made by a defendant in the presence of the judge during a recess of the defendant's guilty plea to a racially motivated offense might reflect poorly on the character and propensity of the offender, and the chances of reform. *See State v. Bragg*, 388 N.W.2d 187, 191 (Iowa Ct. App. 1986) (observing the sentencing court expressed, based upon the defendant's conduct during a trial, the opinion the defendant was "untruthful, was unrepentant, and was a bully whose rehabilitation and reformation were likely to require more than probationary supervision"). But in this case, the district court did not make a record of Allen's allegedly offensive remark and did not give Allen notice it intended to rely upon the court's recollection of the statement at sentencing.

We agree with Allen that absent notice given by the court to the defense and the State that it intended to rely on matters outside the record, consideration of the information was improper. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("The basic requirements of due process and fair notice have been codified in Iowa Code sections 901.3 and 901.4, and we believe that failure to provide the statutory notice renders such evidence inadmissible on the issue of sentencing."); *Rinehart v. State*, 234 N.W.2d 649, 654 (Iowa 1975) (finding a defendant is "entitled to be sentenced based on information subject to challenge"). We therefore vacate the sentence imposed and remand for resentencing. *See Lovell*, 857 N.W.2d 243. Sentencing shall be held before a different judge.

**REVERSED AND REMANDED WITH DIRECTIONS.**