**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Paul WILSON,
Defendant–Appellant.**

No. 80–1204.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 1980.

Decided Oct. 22, 1980.

Martin R. Boyers, Public Defender, Las Vegas, Nev., for defendant–appellant.

Ruth L. Cohen, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff–appellee.

Before CHOY, Circuit Judge, KASHIWA,* Court of Claims Judge, and FERGUSON, Circuit Judge.

FERGUSON, Circuit Judge:

The defendant, John Wilson, appeals his conviction of bail–jumping (18 U.S.C. § 3150) following a bench trial. He contends that the evidence introduced at his trial was insufficient to prove the necessary element of willfulness. We agree and reverse.

* The Honorable Shiro Kashiwa, Associate Judge, United States Court of Claims, sitting by designation.

On March 23, 1979, the defendant pled guilty to a charge of counterfeiting (18 U.S.C. § 491(a)). After accepting the plea, the district court ordered Wilson, who was free on bond, to appear for sentencing on April 30, 1979. He failed to appear and an indictment was returned for the alleged bail–jumping.

At the defendant's trial, the Government introduced four exhibits as its entire evidence. The first was a certified copy of the order releasing the defendant on bail. The second was a certified copy of the minutes of the court of March 23, 1979, at which time the defendant was directed to appear for sentencing on April 30, 1979. The third was a certified copy of the minutes of the court which stated that the defendant did not appear in court on April 30, 1979. The fourth exhibit was a stipulation which established the identity of the witness. In addition, the Government asked the court to take judicial notice of the fact that the defendant was absent from the jurisdiction of the court for approximately seven months.

The district court found the defendant guilty and sentenced him to three years' imprisonment, consecutive to the sentence for counterfeiting, with all but six months suspended. The district court has not stated whether or not it took the judicial notice requested by the Government.

Title 18 United States Code § 3150 imposes criminal sanctions on any person who, "having been released pursuant to this chapter, *willfully* fails to appear before any court or judicial officer as required" (emphasis added). Willfulness is one of the essential elements of § 3150. *United States v. McGill*, 604 F.2d 1252, 1254 (9th Cir.1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980). The evidence in the present case shows, and Wilson does not dispute, that he received notice of his obligation to appear for sentencing and that he failed to appear. Wilson's sole contention is that the Government did not prove that his failure to appear had been willful.

▮ Willfulness requires a specific intent to do something the law forbids; a general intent to commit the proscribed act is not enough. *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir.), *cert. denied*, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969). An act is not willful if it is committed as a result of inadvertence or mistake. *Id.* Because willfulness is a state of mind, it rarely can be proved by direct evidence. Proof that an individual acted willfully ordinarily depends on inferences reasonably drawn from the evidence. *United States v. Wetzel*, 514 F.2d 175 (8th Cir.), *cert. denied*, 423 U.S. 844, 96 S.Ct. 80, 46 L.Ed.2d 65 (1975); *United States v. Dorman*, 496 F.2d 438 (4th Cir.) *cert. denied*, 419 U.S. 945, 95 S.Ct. 214, 42 L.Ed.2d 168 (1974); *United States v. James*, 440 F.Supp. 1137 (D.Md.1977).

▮ The Government must prove each element of a criminal offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). A person who has been notified of his obligation to appear in court might fail to appear out of inadvertence or inability. A deliberate decision to disobey the law, therefore, cannot be found beyond a reasonable doubt merely from nonappearance and notice of obligation to appear. *United States v. James*, 440 F.Supp. 1137 (D.Md. 1977); *United States v. Reed*, 354 F.Supp. 18 (W.D.Mo.1973).

The requested judicial notice cannot supply the necessary ingredient lacking in the Government's case, for in light of the evidence before the district court, the requested notice could not properly be taken.

▮ Fed.R.Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases. *See generally* 9 Wright and Miller, *Federal Practice and Procedure* § 2410, at 359–61 (1971); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560 (9th Cir.1964).

■ The record on appeal contains the bench warrant for Wilson's arrest on bail–jumping charges. The return to the warrant shows only that Wilson was formally arrested by the U. S. Marshal on November 28, 1979 at the Las Vegas jail. Because the return to the warrant states only the date of Wilson's arrest by the U. S. Marshal, not the date on which he was taken into state custody, it does not even show that Wilson was at large for a significant time. Furthermore, nothing in the record of the district court shows that Wilson was even outside the jurisdiction of the District of Nevada. There being no other indication that the facts asserted by the Government are true, much less that they are "not subject to reasonable dispute," as required by Rule 201, they are not proper subjects of judicial notice.

■ It is not clear that the Government would have satisfied its burden of proof beyond a reasonable doubt had the requested judicial notice been proper. *Cf. United States v. Moss*, 438 F.2d 147, 150 (D.C.Cir. 1970) (Bazelon, J., dissenting) (defendant's testimony, coupled with evidence that the defendant had notice of the required appearance and failed to appear, was insufficient to support finding of willfulness; Government's proof did not indicate that defendant attempted to flee jurisdiction or conceal self). *United States v. Hall*, 346 F.2d 875 (2d Cir.), *cert. denied*, 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965) (evidence that defendant had notice of required appearance, failed to appear, fled 5,000 miles twice changing his name and told cellmates he had jumped bail, was more than sufficient to support jury finding of willful failure to appear). *United States v. James*, 440 F.Supp. 1137 (D.Md.1977) (record which did not indicate why defendant failed to make appearance could not provide basis for finding of willful failure to appear). The judicial holding that notice was improper, however, leads to the ineluctable conclusion that the Government has wholly failed to meet its burden with respect to the element of willfulness.

The judgment of conviction of the defendant is REVERSED.