995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Antonio RAMIREZ-RUIZ, Defendant-Appellant.
 No. 92-30210.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 11, 1993.
 
 Before: WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Antonio Ramirez-Ruiz appeals his conviction of bail jumping in violation of 18 U.S.C. § 3146(a)(1). His challenge is twofold: (1) the evidence was insufficient to support his conviction, and (2) the court erred in not instructing the jury on his duress defense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * To determine whether evidence is sufficient to support a conviction, we must view the evidence in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 To support a bail jumping conviction, the government must show that the defendant (1) was released on bail, (2) was required to appear in court, (3) knew of this required appearance, (4) did not appear, and (5) did so willfully. United States v. McGill, 604 F.2d 1252, 1254 (9th Cir.1979), cert. denied, 444 U.S. 1035 (1980). "Because willfulness is a state of mind, it rarely can be proved by direct evidence. Proof that an individual acted willfully, ordinarily depends on inferences reasonably drawn from the evidence." United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980).
 
 
 5
 Ramirez alleges that he never received notice of the date, time and place of the trial. However, the evidence showed that he did have notice. His attorney notified him orally and by letter that his trial date was February 4, 1991. A Spanish interpreter testified that he accurately translated this conversation between the attorney and Ramirez. Ramirez did not appear.
 
 
 6
 The government's proof of willfulness was sufficient. Not only did Ramirez fail to appear for trial, but he fled to Mexico for five months without notifying proper authorities. When officers apprehended him, he lied about his identity.
 
 
 7
 Viewing this evidence in the light most favorable to the government, we conclude that a reasonable trier of fact could have found beyond a reasonable doubt that Ramirez violated § 3146(a)(1).
 
 II
 
 8
 Ramirez maintains that the court erred by refusing to give a duress instruction. We need not decide which standard of review applies because the facts call for affirmance under either the de novo or abuse of discretion standard. United States v. Streit, 962 F.2d 894, 897 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992).
 
 
 9
 The three elements of duress are (1) immediate threat of death or grave bodily harm, (2) well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape. United States v. Johnson, 956 F.2d 894, 897 (9th Cir.1992). Fear alone is not enough; the defendant must establish all three elements. United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984), cert. denied, 474 U.S. 837 (1985).
 
 
 10
 Ramirez argues that he fled to Mexico because he feared for his life. Yet, he failed to establish that any immediate threat existed. He attempted to notify police only once, did not communicate with his attorney, probation officers, or the DEA.
 
 
 11
 Clearly, he did not establish a prima facie case of duress and was not entitled to such an instruction. A district court need not give a defense instruction to a jury "where the evidence fails to establish the elements of that defense." United States v. Charmley, 764 F.2d 675, 677 (9th Cir.1985). The court properly rejected the duress instruction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3