999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. OVERLY, Plaintiff-Appellant,
v.
Jack L. WAGNER, District Court Clerk, Defendant-Appellee.
 No. 93-15045.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth L. Overly, a California state prisoner, appeals pro se and in forma pauperis the district court's dismissal of his civil rights complaint as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Overly's complaint under 42 U.S.C. § 1983[1] alleged that Defendant Wagner, Clerk of the U.S. District Court for the Eastern District of California, violated Federal Rule of Civil Procedure 4 when he failed to issue a summons to Overly upon the filing of a previous complaint in action no. CV-91-0079.[2] The district court dismissed the complaint as frivolous because Wagner is absolutely immune from suit for the act alleged.
 
 
 4
 We review the district court's dismissal of a complaint under 28 U.S.C. § 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A pro se litigant proceeding in forma pauperis should be given an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Section 1915(d) accords judges the authority to dismiss a claim based on an indisputably meritless legal theory, for example, a claim in which it is clear that the defendant is immune from suit. Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). The same immunity will also bar declaratory and injunctive relief. Id. at 1394.
 
 
 6
 "The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process." Id. at 1390. Therefore, even if the allegations in the complaint are accepted as true, the clerk is absolutely immune from suit unless his actions were performed in the clear absence of all jurisdiction. Id.
 
 
 7
 Here, the clerk failed to issue a summons on Overly's previous complaint because the action was stayed by order of the court. Because the clerk did not act in the clear absence of all jurisdiction, he is entitled to absolute quasi-judicial immunity from suit. See id.
 
 
 8
 Overly cannot overcome the deficiency in his complaint by amendment. Therefore, the district court did not abuse its discretion in dismissing the action as frivolous. See Nietzke, 490 U.S. at 327; Noll, 809 F.2d at 1448.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Overly's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court construed the complaint as one brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). It makes no difference to our analysis whether the action is characterized as a § 1983 action or a Bivens action. See Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2169 n. 2 (1993)
 
 
 [2]
 Overly also alleged that the clerk improperly stayed action no. CV-91-0079; and he contends on appeal that the clerk improperly delayed the transfer of that action to the Central District of California. We need not address the latter contention because it was not raised below. See New Hampshire Ins. Co. v. Vieira, 930 F.2d 696, 702 (9th Cir.1991). Nevertheless, we take judicial notice of the district court record in no. CV-91-0079, which reflects that the stay and transfer were ordered by a magistrate judge, not the clerk. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980). Upon the filing of the transfer order, the clerk immediately sent the record to the Central District