**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJESH VARMA; MAHIMA VARMA, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A., as successor in interest to America's Wholesale Lender its successors and/or assigns; et al., <br><br> Defendants-Appellees. | No. 17-55639 <br><br> D.C. No. 5:16-cv-02653-DOC-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Rajesh Varma and Mahima Varma appeal pro se from the district court's

judgment dismissing their action alleging violations of the Truth in Lending Act

("TILA") and state law.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). We affirm.

The district court properly dismissed the Varmas' claims for violation of the TILA, declaratory relief, violation of the California Homeowner Bill of Rights, quasi-contract, and accounting as barred by the doctrine of res judicata because the Varmas either raised, or could have raised, these claims in their prior action, which involved the same parties or those in privity with them, and resulted in a final judgment on the merits. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (setting forth elements of res judicata under federal law and explaining that "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action").

The district court properly dismissed the Varmas' remaining claims premised on the Varmas' allegation that America's Wholesale Lender was never registered as a corporation in California or New York because the Varmas to failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted); *Daniels-Hall*, 629 F.3d at 998 ("We are not . . . required to accept as true allegations that contradict . . . matters properly subject to judicial notice . . .".).

The district court did not abuse its discretion in granting judicial notice. *See Daniels-Hall*, 629 F.3d at 999 (taking judicial notice of information made available by government entities of which neither party disputes the authenticity); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (explaining that "a court may take judicial notice of its own records in other cases"); *see also United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (standard of review).

The Varmas' motion for an extension of time to file a reply brief (Docket Entry No. 16) is denied.

**AFFIRMED.**