**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LEONARDO RAMIREZ-PEREZ, | No. 14-73476 |
| | 15-70589 |
| Petitioner, | 16-71694 |
| v. | Agency No. A029-277-936 |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2019
Pasadena, California

Before: TASHIMA and PAEZ, Circuit Judges, and KATZMANN,[**] Judge.

Petitioner Jose Leonardo Ramirez-Perez conceded removability and sought

cancellation of removal pursuant to 8 U.S.C. § 1229b(b) in immigration court in

1999. The immigration judge found that Ramirez-Perez had established good moral

character, a requirement for cancellation of removal. The immigration judge found,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

however, that Ramirez-Perez failed to establish by clear and convincing evidence two requirements: (1) continual presence in the United States of ten years; and (2) that removal would result in exceptional and extremely unusual hardship to a U.S. citizen child. The immigration judge thus concluded that Ramirez-Perez did not qualify for cancellation of removal. After a petition for review to the Board of Immigration Appeals ("BIA") and an untimely petition to our court, Ramirez-Perez was removed to Mexico in 2002. In 2014–2016, Ramirez-Perez filed three motions with the BIA, of which two were styled as motions to reopen and the other was styled as a motion to reconsider. The BIA denied all three motions. Ramirez-Perez timely appealed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review de novo the BIA's determination of purely legal questions and claims of due process violations in removal proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.), *as amended* (Nov. 25, 2003). We review the BIA's denial of motions to reopen and reconsider for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). "The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law,'" or "fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (internal citations omitted).

**1.** In July 2014, Ramirez-Perez filed the first motion to reopen, alleging his

previous counsel, Kevin Bove, failed to render effective assistance in preparation for, during, and on appeal from his 1999 merits hearing. Ramirez-Perez argues that Bove's failure to respond to his phone calls or prepare him to testify at the hearing, his inadequate questioning during the hearing, and his failure to obtain documentary evidence fell well below the standard of effective assistance, violating his Fifth Amendment right to due process. At the 1999 merits hearing, the record shows that Bove did not introduce records that established when Ramirez-Perez arrived in the United States; did not provide documentary evidence, such as a DNA test, supporting affidavits, or records of child support payments to establish Ramirez-Perez's paternity of his U.S. citizen child; and did not address hardship to the U.S. citizen child, including the fact that Ramirez-Perez was the only living biological parent and involved in a custody dispute with the late mother's family. Ramirez-Perez further alleged that Bove's 2001 petition for review to the BIA was "egregiously deficient" because it was just four paragraphs long and only addressed the specifics of Ramirez-Perez's case in footnotes.

The BIA denied the 2014 motion to reopen on two grounds, both of which Ramirez-Perez challenges.

In the 2014 motion to reopen, Ramirez-Perez argued that the BIA should equitably toll the deadline to file because he demonstrated due diligence during the intervening period between his final order of removal and the filing of his motion to

3

reopen. The BIA declined to equitably toll the deadline and denied the motion to reopen. In his petition for review, Ramirez-Perez argues that this was legal error and an abuse of discretion.

Pursuant to 8 U.S.C. § 1229a(c)(7), petitioners may file only one motion to reopen and must do so within ninety days of a removal order, unless the deadline is equitably tolled. "[A] petitioner is entitled to equitable tolling of the deadline during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as petitioner acts with due diligence in discovering the deception, fraud or error." *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (internal quotation omitted). The petitioner is not "require[d] . . . to act with the 'maximum diligence possible[,]' only 'due' or 'reasonable' diligence." *Id.* "[R]eview of petitioner's diligence must be fact-intensive and case-specific, assessing reasonableness . . . in the context of his or her particular circumstances." *Id.*

To determine whether a petitioner has exercised due diligence sufficient to warrant tolling in an ineffective assistance of counsel ("IAC") case, the BIA must consider the three *Avagyan* factors: (1) "if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen"; (2) "whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief"; and (3) "when the tolling period

4

should end; that is, when petitioner definitively learns of the harm resulting from counsel's deficiency, or obtains vital information bearing on the existence of his claim." *Id.* (internal citations omitted).

The BIA summarily concluded that Ramirez-Perez did not exercise due diligence sufficient to warrant equitable tolling. Despite citing to *Avagyan*, the BIA did not apply the *Avagyan* factors. The BIA notes that Ramirez-Perez consulted attorneys during the intervening period but did not address why this did not show diligence. "Typically, an alien is diligent if he continues to pursue relief and relies on the advice of counsel as to the means of obtaining that relief." *Id.* Whether an attorney detects IAC is relevant to *Avagyan* factor (1): "if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen." The BIA also states that the motion to reopen was not filed until 2014, despite the BIA issuing the final decision in 2002. However, "the length of time does not control our equitable tolling jurisprudence." *Id*. at 682 n.9. The BIA's failure to apply the proper legal standard for due diligence to the specific facts of Ramirez-Perez's case is an issue of mixed law and fact, thus constituting both an abuse of discretion and legal error. We therefore reverse and remand for reconsideration of the denial of the first motion to reopen on equitable tolling grounds.

Ramirez-Perez also contends that the BIA erred in finding that he did not suffer prejudice from any potential IAC because he did not demonstrate that removal would have caused exceptional or extremely unusual hardship to a qualifying U.S. citizen relative, a requirement for cancellation of removal. He argues that the BIA used the wrong legal standard by looking to whether a prima facie showing of hardship was made rather than whether hardship was plausible and that IAC may have affected the 1999 proceedings.

To succeed on a motion to reopen based on an IAC claim, a petitioner must show that (1) his counsel's performance was deficient and (2) this deficiency caused prejudice. *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir. 1999); *see also In re Lozada,* 19 I & N Dec. 637, 638 (BIA 1988). To establish prejudice, a petitioner "only needs to show that he has *plausible* grounds for relief." *Jie Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir. 2004) (citation omitted). "While the prima facie standard is proper for a regular motion to reopen, it is higher than the standard required here." *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir. 2004). The BIA should ask "only whether [counsel's] deficient performance may have affected the proceedings," not "whether petitioner[] would win or lose [his] claim." *Id.* at 859.

The BIA denied the motion to reopen in part because it decided Ramirez-Perez did not suffer prejudice from the alleged IAC. Finding the prejudice requirement was not met, the BIA did not reach the deficiency of performance

6

requirement. Regarding prejudice, without any analysis of the facts of Ramirez-Perez's case, the BIA found that he did not demonstrate that he could have met the hardship requirement for cancellation of removal at his 1999 merits hearing, and that he cannot now make a prima facie showing of hardship. This was legal error. Ramirez-Perez need only show that he has *plausible* grounds for relief, *Jie Lin*, 377 F.3d at 1027, and deficient performance by counsel affected the underlying proceeding, *Maravilla Maravilla*, 381 F.3d at 859. He need not make a prima facie showing that he would now qualify for relief.

We "need not conclude that [Petitioner] would win or lose on any claims, only that his claims merit full consideration by the BIA." *Jie Lin,* 377 F.3d at 1027. The facts of Ramirez-Perez's case, including his role as the sole surviving parent to a U.S. citizen child and involvement in a dispute over his son's custody, may establish exceptional or extremely unusual hardship to his son. On remand, the BIA should consider whether Ramirez-Perez had plausible grounds for cancellation of removal at the time of his merits hearing and whether Bove's alleged failures affected his ability to establish these grounds. We therefore also reverse and remand for reconsideration of the denial of the first motion to reopen on the BIA's finding of no prejudice.

**2.** Ramirez-Perez also filed a motion to reconsider in November 2014 and a second motion to reopen in February 2016. Because we remand on the first motion

7

to reopen, the subsequent motions are moot, with the exception of an issue pertaining to fraud in the record of the first motion to reopen.

In the February 2016 motion, Ramirez-Perez challenges a letter filed by his former attorney, Bove, in the BIA's record in the first motion to reopen. After Ramirez-Perez filed his first motion to reopen, Bove used the coversheet of Ramirez-Perez's current counsel, Anna Hysell, to file a response to IAC allegations with the BIA. The BIA prohibits filings by non-parties. BIA R. 5.1. In an IAC case before the BIA, the attorney accused of ineffective assistance may file a response to the petitioner's allegations by sending a letter to petitioner's current counsel to file with the BIA. The State Bar Court of California subsequently suspended Bove's bar license because of this fraudulent filing. *In re Kevin Bove*, Case No. 16-O-10953-CV (State Bar Court of California, July 29, 2017).[1] By using Hysell's coversheet, Bove was able to evade the BIA's rule against non-party filings and submit his letter directly to the BIA, thus depriving Ramirez-Perez of notice to respond. We thus order the BIA to strike the letter from the record or provide Ramirez-Perez with an opportunity to respond to the letter.

In sum, we grant the petition regarding the BIA's denial of the first motion to

---

[1] Ramirez-Perez filed an unopposed motion asking that we take judicial notice of the decision of the State Bar Court of California on his complaint alleging Bove's fraudulent filing and the status of Bove's license to practice law. We allow the motion. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971).

reopen (Case No. 14-73476) and remand for an equitable tolling analysis under the *Avagyan* factors and a prejudice analysis consistent with this disposition. On remand, we direct the BIA (1) to strike Bove's fraudulent filing from the record or provide Ramirez-Perez with an opportunity to respond to the letter; (2) to reopen the record to permit Ramirez-Perez to supplement his motion to reopen; and (3) to allow the parties to submit any additional information the BIA deems necessary. We further deny as moot the petitions regarding the BIA's subsequent decisions on Ramirez-Perez's motion to reconsider (Case No. 15-70589) and second motion to reopen (Case No. 16-71695).

**PETITION GRANTED in part, DENIED in part, and REMANDED.**