

# FILED

JUN 28 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1257-LSTa |
| RAYMOND ESQUERRA, | Bk. No. 2:12-bk-47614-VZ |
| Debtor. | |
| JTF ROSE, INC., | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| RAYMOND ESQUERRA, AKA Raymond Albert Esquerra, | |
| Appellee. | |

Argued and Submitted on May 23, 2019
at Pasadena, California

Filed – June 28, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Vincent Zurzolo, Bankruptcy Judge, Presiding

———————

Appearances:     Donna L. La Porte argued for Appellant; Michael Franco argued for Appellee.

———————

Before: LAFFERTY, SPRAKER, and TAYLOR, Bankruptcy Judges.

**INTRODUCTION**

JTF Rose, Inc. ("JTF") appeals the bankruptcy court's order after remand denying JTF's third motion to dismiss Debtor's chapter 13[1] case. The bankruptcy court initially denied the motion in November 2017, and JTF appealed to this Panel. The Panel held that the court had erred in applying claim and issue preclusion to deny the motion and vacated and remanded for the bankruptcy court to determine whether any grounds for dismissal had been established by the remaining evidence. After remand, the bankruptcy court issued additional findings of fact and conclusions of law determining that the admissible evidence presented was inadequate to establish cause to dismiss the bankruptcy case.

We AFFIRM.

———————

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. "Local Rule" references are to the Local Bankruptcy Rules for the Central District of California.

## FACTUAL BACKGROUND

In November 2012, Debtor filed a pro se chapter 7 petition.[2] After the chapter 7 trustee issued a no distribution report, Debtor hired counsel and converted the case to chapter 13. As of the petition date, JTF was a secured creditor, having loaned Debtor $102,000 secured by a second deed of trust on his residence. After the bankruptcy court confirmed Debtor's amended chapter 13 plan, Debtor and JTF stipulated that JTF's lien would be valued at zero and treated as an unsecured claim contingent upon Debtor's completion of his chapter 13 plan and receipt of a discharge.

In June 2016, JTF filed its first motion to dismiss, or, alternatively, for stay relief, alleging that Debtor had materially defaulted on the terms of the confirmed plan and the stipulation to value JTF's lien at zero by defaulting on the loan to the holder of the first deed of trust on the residence and failing to provide proof of insurance. The bankruptcy court denied the motion for insufficient proof of service and because the declaration of JTF's principal, Jeff Rose, submitted in support of the motion, was signed by Mr. Rose's attorney.

In May 2017, JTF filed a motion under Rule 2004 for production of documents and examination. The bankruptcy court granted the motion.

---

[2]This is not the first bankruptcy proceeding involving JTF's claim. In 2010, Debtor's wife filed a chapter 7 petition. JTF obtained stay relief, and Debtor's wife received a discharge. In March 2012, Debtor filed a chapter 13 petition; that case was dismissed pre-confirmation in June 2012.

After JTF conducted the Debtor's examination, it filed its second motion to dismiss, in which it argued that the case should be dismissed for Debtor's bad faith and fraud on the court. More particularly, it alleged that Debtor failed to disclose: pre- and postpetition income and expenses; workers' compensation claims and awards; disbursements and loans from retirement accounts; postpetition transfer and acquisition of automobiles; the operation of a business; and the use of funds for frequent gambling trips. In support, JTF submitted a request for judicial notice and two declarations with exhibits that included portions of the Rule 2004 examination transcript ("2004 Transcript") and various other types of documentary evidence.

Debtor opposed and also filed amended schedules that listed the worker's compensation claim with a value of $100,000.

The bankruptcy court denied the motion for two reasons. First, it concluded that the 2004 Transcript was inadmissible, primarily because JTF failed to comply with Local Rule 7030-1.[3] Second, it denied the motion for insufficient proof of service under the local bankruptcy rules.

Promptly thereafter, JTF filed a third motion to dismiss that was

---

[3]That rule requires, among other things, that a party intending to offer evidence by way of deposition testimony must identify on the copy of the transcript the testimony the party intends to offer at trial, and the opposing party must countermark any testimony it plans to offer. Thereafter, evidentiary objections are to be marked in the margins, and notice of the marked and countermarked testimony and objections is to be served and filed within seven days thereafter.

substantively identical to the second. JTF added a paragraph noting that it filed the second motion to dismiss and that the court had denied the motion. JTF again submitted two declarations and a request for judicial notice. The declarations, too, were substantively identical to those filed with the second motion, except one of the declarations included an additional paragraph discussing the second motion to dismiss and its denial. Notably, JTF did not change how it presented the 2004 Transcript.

Debtor opposed; he argued, in part, that the third motion to dismiss was barred by claim and issue preclusion based on the bankruptcy court's denial of the first and second motions. He also submitted a declaration in which he offered explanations for each of the alleged nondisclosures. JTF replied, submitted two additional declarations, filed evidentiary objections to Debtor's declaration, and objected to a document purporting to be Debtor's wife's declaration.

After hearing argument, the bankruptcy court provided a detailed oral ruling. It first ruled on JTF's evidentiary objections: it struck Debtor's wife's declaration as filed late and addressed the individual objections to Debtor's declaration. It then found that JTF failed to comply with Local Rule 9013-1(l), which imposes a "requirement that when a motion is filed more than once the moving party has an obligation to state clearly in the motion why the motion has been brought more than once." Hr'g Tr. (Nov. 13, 2017) at 15:17–19.

Next, it found that, with respect to the 2004 Transcript, JTF had again failed to comply with Local Rule 7030-1. Accordingly, the court struck it. The court then stated:

> A significant portion of the evidence submitted in support of this motion is founded upon the testimony elicited in a 2004 examination. So there's a significant deficiency in evidence in support of the motion based on the gravamen of the assertion by the moving party as to the debtor's failure to disclose or explanations why the debtor didn't disclose transactions, both as of the commencement of the bankruptcy case, as well as post-petition. I note that the debtor has, indeed, filed many amendments to address those deficiencies.

*Id.* at 16:8–17.

Finally, the bankruptcy court addressed issue and claim preclusion: "And then also I note that the moving party has failed to adequately address the argument made by the respondent as to why the doctrines of issue preclusion and claim preclusion don't bar the relief sought in this motion." *Id.* at 16:18–22. JTF could have, the bankruptcy court explained, raised "several, if not all of the issues" in its previous motions to dismiss and it "failed to explain why that wasn't done" or provide an explanation why issue and claim preclusion "don't bar the repeated seeking of the same form of relief." *Id.* at 16:23–17:3.

The bankruptcy court entered an order consistent with its oral ruling, and JTF appealed to this Panel (BAP No. CC-17-1356-TaLLs). In August 2018, the Panel issued a memorandum decision in which it held

6

that: (1) the bankruptcy court erred in concluding that issue or claim preclusion applied because the first and second motions to dismiss were denied predominantly on procedural grounds and not on the merits; (2) although the bankruptcy rules that resulted in the exclusion of some of JTF's evidence were valid (contrary to JTF's argument), the Panel could not determine whether, after considering the remaining evidence, the bankruptcy court would still deny the motion to dismiss. *JTF Rose, Inc. v. Esquerra (In re Esquerra)*, No. CC-17-1356-TaLLs, 2018 WL 3749587 (9th Cir. BAP Aug. 7, 2018). The Panel declined to consider Debtor's argument, presented for the first time on appeal, that JTF's motion was an improper collateral attack on the chapter 13 plan confirmation order, which had finally determined the good faith issue. But the Panel stated that it would "leave it to the bankruptcy court to decide whether issue or claim preclusion is available, at least in part." *Id.* at *4. Ultimately, the Panel vacated and remanded for further findings of fact and conclusions of law.

In accordance with the Panel's mandate, the bankruptcy court issued additional findings and conclusions. Although the bankruptcy court disagreed with the Panel's conclusion that neither claim nor issue preclusion applied to the third motion to dismiss, it analyzed the admissible evidence presented in the third motion to dismiss and concluded that it was insufficient to establish cause for dismissal under § 1307 even if preclusion doctrines did not apply. The court ruled that the

only admissible evidence presented by JTF consisted of certain testimony in the declarations of Jeff Rose and Donna La Porte, none of which was sufficient to support a finding of cause for dismissal. Additionally, the court noted that the admissible portions of Debtor's declaration were sufficient to shift the burden of persuasion back to JTF, even if JTF's evidence had established cause for dismissal.

Alternatively, the bankruptcy court concluded that it could have denied the third motion to dismiss as a sanction for JTF's failure, for the second time, to comply with Local Rule 7030-1 and for failure to comply with Local Rule 9013-1(l), which requires a party filing a motion to obtain relief previously sought to present a detailed declaration explaining why the same request for relief is being made in the subsequent motion.[4]

---

[4]That rule provides:

Whenever any motion for an order or other relief has been made to the court and has been denied in whole or in part, or has been granted conditionally or on terms, and a subsequent motion is made for the same relief in whole or in part upon the same or any allegedly different state of facts, it is the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent motion is made, a declaration of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior motion including:

(1)     The date of the prior motion;

(2)     The identity of the judge to whom the prior motion was made;

(continued...)

8

JTF timely appealed.[5]

# JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

# ISSUES[6]

---

[4](...continued)

(3)     The ruling, decision or order on the prior motion;

(4)     The new or different facts and circumstances claimed to exist, which either did not exist or were not shown upon the prior motion; and

(5)     The new or different law or legal precedent claimed to exist, which either did not exist or were not shown upon the prior motion.

The failure to comply with the foregoing requirement is grounds for the court to set aside any order or ruling made on the subsequent motion, and subjects the offending party or attorney to sanctions.

[5]Shortly before oral argument in this appeal, the bankruptcy court denied JTF's motion for a stay pending the instant appeal, granted Debtor's application for entry of discharge, and entered Debtor's discharge. JTF has appealed those orders (BAP No. CC-19-1136). Debtor moved to dismiss this appeal as moot, arguing that this Panel cannot grant effective relief now that the discharge has been entered. We disagree; the entry of the discharge order did not irrevocably terminate the bankruptcy proceedings; thus we would be able to fashion effective and equitable relief. *See Sherman v. Sec. & Exch. Comm'n (In re Sherman)*, 491 F.3d 948, 967-69 (9th Cir. 2007).

[6]JTF lists 38 issues on appeal in its opening brief, but those issues boil down to the two issues listed. Debtor complains that JTF added four new issues that were not included in the 34 issues listed in its Statement of Issues filed in the bankruptcy court. But JTF did not raise any new issues in its opening brief. The increase in the number of issues appears to be a result of several issues being listed twice.

Whether the bankruptcy court abused its discretion in ruling that most of the evidence presented by JTF was inadmissible.

Whether the bankruptcy court abused its discretion in denying JTF's motion to dismiss.

## STANDARD OF REVIEW

We review the bankruptcy court's evidentiary rulings and its decision on dismissal of a chapter 13 case for an abuse of discretion. *Am. Express Travel Related Servs. Co. v. Vee Vinhnee (In re Vee Vinhnee)*, 336 B.R. 437, 442-43 (9th Cir. BAP 2005) (citing *Sec. Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1011 (9th Cir. 1997) (additional citation omitted) (evidentiary rulings); *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015) (chapter 13 dismissal).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

A.   **The bankruptcy court's findings and conclusions after remand**

In its decision after remand, the bankruptcy court set out a thorough analysis of its rulings on all three motions to dismiss. As noted, the

bankruptcy court disagreed with the Panel that claim and issue preclusion did not apply, explaining that it had intended to deny the second motion to dismiss on the merits due to a failure of proof. Nevertheless, it analyzed the admissible evidence presented with the third motion to dismiss, concluding that it was insufficient to support a finding of cause for dismissal under § 1307(c). That evidence was: (1) a request for judicial notice (RJN); (2) the declaration of Donna La Porte; and (3) the declaration of Jeff Rose.

The RJN was comprised of a 24-paragraph cover memo signed by JTF's counsel attaching dockets and documents filed in the bankruptcy court. The court found the entire RJN, including counsel's statements, inadmissible. The court noted that under Fed. R. Evid. 201, it may take judicial notice of facts not subject to reasonable dispute. Additionally, the court may take judicial notice that documents were filed but not the contents of the documents or the truth of the contents unless the documents are authenticated or qualify as exceptions to the hearsay rule. As none of the documents in the RJN were authenticated or explained as exceptions to hearsay, the court ruled that the contents of the documents were inadmissible. Further, the cover memo contained a summary of facts alleged to be contained in the exhibits, but the court ruled that those assertions were inadmissible hearsay. Finally, to the extent any statements in the RJN may have been within counsel's personal knowledge, the court

noted that the RJN was not a sworn declaration.

The La Porte declaration attached several documents as exhibits, including the 2004 Transcript and financial documents. The court struck those documents because it found they were not properly authenticated, and it struck the 2004 Transcript because it was not presented in accordance with Local Rule 7030-1. Further, the court found that most of the testimony in the declaration was inadmissible because it was not based on personal knowledge, was inadmissible hearsay, or consisted of conclusions that were not factual assertions. The bankruptcy court concluded that the only facts established by personal knowledge of the declarant were (1) Debtor's filing of an adversary proceeding to avoid JTF's lien; (2) the filing of the first motion to dismiss; (3) the filing of a motion to enter and inspect Debtor's residence; (4) the filing of a request for and appearing at Debtor's 2004 examination and asking certain questions of the Debtor; (5) the filing of discovery requests and receiving certain documents at the 2004 examination; and (6) reviewing documents produced in response to the Rule 2004 request.

As for the Rose declaration, the bankruptcy court found that, as with the La Porte declaration, much of Mr. Rose's testimony was inadmissible as based on information and belief, inadmissible hearsay, or as conclusions that are not factual assertions. Thus, the only facts established by statements that were based on personal knowledge were: (1) JTF's note,

12

loan modifications, and non-receipt of payment on JTF's loan to Debtor; (2) the senior lienholder's foreclosure attempt; (3) Debtor's filing of an adversary proceeding to avoid JTF's lien; (4) JTF's filing of a motion to enter and inspect Debtor's residence; (5) inspections of Debtor's residence; and (6) JTF's filing of a request for, and appearing at, the 2004 examination.

Based on the foregoing, the bankruptcy court concluded that the admissible evidence presented in support of the third motion to dismiss was inadequate to establish cause for dismissal under § 1307.

Finally, the court noted that it could deny the third motion to dismiss as a sanction for failing to comply with applicable local rules.

## B.    The bankruptcy court did not abuse its discretion in its evidentiary rulings.

JTF contends that the bankruptcy court erred in finding most of its evidence (other than the 2004 Transcript) inadmissible.[7]

### 1.    Request for Judicial Notice

JTF does not assign error to the bankruptcy court's exclusion of counsel's assertions in the cover memorandum to the RJN. But it argues that the exhibits to the RJN were public records and records of the bankruptcy court and thus the court's refusal to admit them was "simply

---

[7]Debtor argues that, in this appeal, JTF cannot assign error to the exclusion of the 2004 Transcript because JTF did not appeal the Panel's initial decision to the Ninth Circuit Court of Appeals. But JTF did not make such an argument in this appeal, and in any event the Ninth Circuit would have dismissed such an appeal as interlocutory. *See Gugliuzza v. Fed. Trade Comm'n*, 852 F.3d 884, 900 (9th Cir. 2017).

contrary to applicable law and practice."

A court may take judicial notice of its own records. *Credit Alliance Corp. v. Idaho Asphalt Supply, Inc. (In re Blumer)*, 95 B.R. 143, 146 (9th Cir. BAP 1988) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)). The bankruptcy court did so here. But a court may not take judicial notice of the truth of the contents of the documents unless the facts in those documents otherwise meet the criteria set forth in Fed. R. Evid. 201(b)–the fact is "generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A party requesting the court to take judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice. *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992) (citing *In re Blumer*, 95 B.R. [at 146-47]); *see also* Hon. Barry Russell, Bankruptcy Evidence Manual § 201:3 (2018 ed.). JTF did not meet that burden, nor did JTF explain how the documents attached to the RJN established cause for dismissal. The bankruptcy court did not abuse its discretion in refusing to admit the contents of the documents attached to the RJN.[8]

---

[8]Notwithstanding JTF's failure to meet its burden, the bankruptcy court erred to the extent it based its decision on failure to authenticate the documents. *See Wetherbee v. Willow Lane, Inc. (In re Bestway Prod., Inc.)*, 151 B.R. 530, 540 (Bankr. E.D. Cal. 1993), *aff'd*, 165 B.R. 339 (9th Cir. BAP 1994) ("The taking of 'judicial notice of court records' is actually a convenient shorthand for two distinct concepts–importing the documents

(continued...)

14

### 2.     La Porte Declaration

Next, JTF argues that the bankruptcy court erred in excluding the documents that were attached to the La Porte declaration because those documents had been produced by Debtor in response to discovery requests, which established their authenticity and because Debtor did not object to the admission of those documents.

Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); Fed. R. Evid. 901(a). "An inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility." *Orr*, 285 F.3d at 776. In the Ninth Circuit, a document may be authenticated by its production in response to a discovery request, but

[8](...continued)
into the record of the matter at hand and establishing their authenticity."); *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("While the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not.").

And to the extent the contents of the documents sought to be judicially noticed were comprised of the Debtor's sworn statements (i.e., his schedules and statement of financial affairs), they were not hearsay. FRE 801(d)(2).

Nevertheless, the documents and their content had little or no bearing on the determination of JTF's motion to dismiss, so any error in refusing to admit them was harmless.

only if the producer of the document is identified or the party producing the document admits its production. *Id.* at 777; *Barefield v. Bd. of Trs. of Cal. State Univ., Bakersfield,* 500 F. Supp. 2d 1244, 1257–58 (E.D. Cal. 2007), *on reconsideration sub nom. Barefield v. Bd. of Trs. of Cal. State Univ.,* No. CIVF05-0633 AWI TAG, 2007 WL 3239288 (E.D. Cal. Nov. 2, 2007).

Contrary to the bankruptcy court's ruling, some of the documents attached to Ms. La Porte's declaration were authenticated by her identification of those documents as having been produced by Debtor in discovery. Paragraph 41 of her declaration states: "[i]n response to the 2004 Order, Debtor produced Statements for checking and savings accounts with Bank of America . . . and JP Morgan Chase Bank . . . for certain time periods from 2010 through the present. Debtor also provided a few statements for a business account opened by him with Bank of America under the name of Raymond A. Esquerra Sole Prop dba Esquerra Vending Machines." Ms. La Porte also testified that Debtor produced: (1) a settlement statement reflecting that Debtor received a check for $106,551.88 on or about April 6, 2015; (2) a copy of a Joint Order Approving Compromise and Release dated November 9, 2016, in connection with Debtor's workers compensation claims; (3) a document entitled "Vanguard Confirmation" reflecting a loan to Debtor's wife in July 2011; (4) a document entitled "Partial Distribution - Withdrawal" reflecting that on October 13, 2016, Debtor requested a partial withdrawal from his

retirement account of $4,534; (5) a letter from Geico dated May 23, 2017 reflecting a 2015 claim against Debtor's homeowner's policy for water damage in the amount of $7,491; (6) a purchase contract for a 2016 Dodge Journey purchased by Debtor's wife on December 12, 2016; and (7) a purchase invoice for a 2015 Honda Accord purchased by Debtor's wife on April 13, 2015.

These statements arguably satisfy the Ninth Circuit standard for authentication of these documents. But Ms. La Porte's declaration's remaining references to documents produced by Debtor are too vague to be authenticating. For example, paragraph 49 states, "Debtor only produced what appear to be a handful of statements for one [credit] card." Paragraph 50 states that counsel learned of Debtor's workers compensation claims "as a result of certain documents provided by Debtor and testimony given by Debtor." Finally, paragraph 63 states that "Debtor produced certain invoices reflecting expenses incurred in connection with materials purchased to make repairs on the Property."

Based on the standard set forth in *Orr*, the bankruptcy court erred in finding that some of the documents were not properly authenticated. But authentication alone does not establish admissibility, *see Orr*, 285 F.3d at 778, and JTF has not explained how the documents are otherwise admissible or how they establish cause for dismissal. Thus, any error was harmless.

17

**3. La Porte and Rose Declaration Testimony Regarding Debtor's Statements Made at His 2004 Examination**

JTF argues that the bankruptcy court erred in refusing to admit Debtor's admissions made during the 2004 exam, which were testified to in the declarations of Donna La Porte and Jeff Rose. JTF argues that Debtor's statements are admissions, and thus are not hearsay, and the declarants' statements are based on personal knowledge because they were present at the 2004 exam. But the court ruled inadmissible the 2004 Transcript, and, even if JTF is correct that Debtor's statements testified to by declarants are admissions and thus not hearsay, JTF cites no authority to explain why it should be allowed an end run around that ruling.

**C. The bankruptcy court did not err in clarifying its prior ruling.**

JTF argues that the bankruptcy court failed to proceed in accordance with the BAP's mandate by essentially arguing with the BAP's decision that preclusion didn't apply. But the bankruptcy court did not err in clarifying that it intended to deny the second motion to dismiss on the merits. Although the bankruptcy court's preclusion analysis was not required by the mandate, it does not warrant reversal: because we agree with the bankruptcy court that the admissible evidence presented with the third motion to dismiss was insufficient to establish cause for dismissal, we need not address whether preclusion doctrines also barred relief.

**D.     We need not consider the parties' remaining arguments.**

**1.     Terminating Sanctions**

In its prior memorandum, the Panel stated that, on remand, "the bankruptcy court may determine that denial of the motion is appropriate as a terminating sanction" for violation of the local rules. The Panel then set forth the standard to be applied in determining whether violations of local bankruptcy rules warranted a terminating sanction. *In re Esquerra*, 2018 WL 3749587, at *6.

In its decision after remand, the court stated, "the court **could** deny the 3ʳᵈ MTD as a sanction for (1) failing for the second time to comply with LBR 7030-1, and (2) failing to comply with LBR 9013-1(l) . . . ." (Emphasis added). It did not state that it was denying the motion on that basis. Nevertheless, JTF argues that the bankruptcy court erred in denying the third motion to dismiss as a sanction for JTF's failures to comply with Local Rules 9013-1(l) and 7030-1(b). JTF states that it did not learn of Debtor's alleged fraud until late in the case due to Debtor's concealment, and it was necessary to have the matter heard before the case closed. As such, JTF implicitly argues that the relative culpability of the parties weighs in its favor.

Because the bankruptcy court did not deny the motion as a terminating sanction, we need not address this argument.

**2. Bad Faith**

JTF argues that the bankruptcy court erred in not dismissing the case based on Debtor's bad faith. JTF argues that several of the factors for determining bad faith were met, citing *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-24 (9th Cir. 1999). But the bankruptcy court made no findings on these factors because it determined that, based on its evidentiary rulings, JTF had not met its burden of proof. Accordingly, we need not consider this argument. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

**3. Preclusive Effect of Confirmed Plan**

As in the prior appeal, Debtor argues that JTF is bound by the order confirming his chapter 13 plan and is thus precluded from litigating issues decided by that order, i.e., good faith. But the bankruptcy court never ruled on this issue; thus we need not consider it. *Id.*

## CONCLUSION

The bankruptcy court did not abuse its discretion in excluding most of JTF's evidence presented in support of its third motion to dismiss, nor did it abuse its discretion in denying JTF's motion based on a failure of proof, as the admissible evidence was insufficient to establish cause to dismiss under § 1307. Accordingly, we AFFIRM.

20