**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

DRAGOS GAVRILESCU; MELITA
DINGAL PLUMB,

        Plaintiffs-Appellants,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; et al.,

        Defendants-Appellees.

No. 23-55036

D.C. No. 8:21-cv-01965-CJC-DFM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.
Concurrence by Judge LEE.

    Melita Dingal Plumb ("Plumb") is a U.S. citizen. Her spouse, Dragos

Gavrilescu ("Gavrilescu"), is a foreign national and a citizen of Romania. Plumb

filed an I-130 Petition for Alien Relative ("I-130 petition") on behalf of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Gavrilescu with the United States Citizenship and Immigration Services ("USCIS"). USCIS denied the petition on the ground that Gavrilescu had previously entered into a fraudulent marriage with another United States citizen for the purpose of obtaining immigration benefits. *See* 8 U.S.C. § 1154(c). The Board of Immigration Appeals ("BIA") dismissed the appeal of USCIS's decision. Plumb and Gavrilescu filed this action in federal district court, alleging that the agency violated the Due Process Clause and the Administrative Procedure Act. The district court denied relief, and Plumb and Gavrilescu appealed.

There are two issues presented in this appeal. First, did the agency deny due process in failing to allow cross-examination of the ex-spouse whose evidence was relied upon by the agency in determining that the marriage was fraudulent? *See Ching v. Mayorkas*, 725 F.3d 1149 (9th Cir. 2013). Second, was the agency's finding of fraud arbitrary and capricious? We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The parties are familiar with the facts in this case, and we recount them only as necessary to explain our decision.

1. We grant the unopposed motion to file supplemental excerpts of record under seal.

We also grant the motion for judicial notice of the certified administrative record in *Ching v. Mayorkas*, insofar as that record establishes that a request for cross-examination was not expressly mentioned in the record. A court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases. . . ."). However, there is nothing in that record establishing that the applicants in *Ching* did not request cross-examination.

2. We hold that Appellants cannot claim a due process violation under *Ching v. Mayorkas*. 725 F.3d 1149 (9th Cir. 2013). *Ching* held that there is a due process right to cross-examination of an adverse witness under certain specific circumstances during the I-130 petition process. *Id.* at 1159. However, Appellants never requested that the agency provide an opportunity for cross-examination.

While we agree with the district court that Appellants were required to request cross-examination, the agency appears to have done nothing to implement our holding in *Ching*. So far as the record before us shows, the agency neither informs applicants of their right under *Ching* nor provides a mechanism for a *Ching* hearing. Neither party before us could name a single time when a *Ching* hearing has ever been conducted in the decade since the decision. Though

3

applicants ultimately have the burden to request a *Ching* hearing, we fault the agency for failing to inform applicants of their right under *Ching* and to provide a mechanism to implement that right.

3. The agency may deny an I-130 petition under 8 C.F.R. § 204.2(a)(1)(ii) when there is "substantial and probative" evidence of marriage fraud. On review of the agency decision in this case, "the appellate court must examine whether there was 'substantial evidence' to support the finding." *Zerezghi v. USCIS*, 955 F.3d 802, 814 n.6 (9th Cir. 2020). We hold that substantial evidence in the record supports the agency's finding.

**AFFIRMED.**

*Gavrilescu v. U.S. Department of Homeland Security,* No. 23-55036

LEE, Circuit Judge, concurring in judgment.

I write separately because I do not think the due process right to cross-examination discussed in *Ching v. Mayorkas*, 725 F.3d 1149 (9th Cir. 2013) applies here. Our court inferred such a right in *Ching* for an I-130 proceeding because the agency had credited—without an opportunity for cross-examination—the ex-spouse's testimony, despite "contradictory documents and affidavits" provided by the petitioner. *Id.* at 1156. Dragos Gavrilescu provided some evidence that arguably supported his claim of a bona fide marriage but such evidence did not necessarily contradict his ex-wife's assertion of a sham marriage. I thus believe that the right to cross-examine for an I-130 proceeding applies only if the petitioner presents evidence that directly and materially contradicts the ex-spouse's testimony.