UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DRAGOS GAVRILESCU; MELITA
NINGAL PLUMB,

        Plaintiffs-Appellants,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; et al.,

        Defendants-Appellees.

No. 23-55036

D.C. No. 8:21-cv-01965-CJC-DFM
Central District of California,
Santa Ana

ORDER

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

The petition for panel rehearing is granted in part (Dkt. No. 47). The memorandum disposition filed on April 5, 2024, is hereby amended. The amended memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for rehearing en banc, and Judge Fletcher has so recommended. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is denied.

No further petitions for rehearing or for rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DRAGOS GAVRILESCU; MELITA
DINGAL PLUMB,

        Plaintiffs-Appellants,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; et al.,

        Defendants-Appellees.

No. 23-55036

D.C. No. 8:21-cv-01965-CJC-DFM

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Melita Dingal Plumb ("Plumb") is a U.S. citizen. Her spouse, Dragos

Gavrilescu ("Gavrilescu"), is a foreign national and a citizen of Romania. Plumb

filed an I-130 Petition for Alien Relative ("I-130 petition") on behalf of

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Gavrilescu with the United States Citizenship and Immigration Services ("USCIS"). USCIS denied the petition on the ground that Gavrilescu had previously entered into a fraudulent marriage with another United States citizen for the purpose of obtaining immigration benefits. *See* 8 U.S.C. § 1154(c). The Board of Immigration Appeals ("BIA") dismissed the appeal of USCIS's decision. Plumb and Gavrilescu filed this action in federal district court, alleging that the agency violated the Due Process Clause and the Administrative Procedure Act. The district court denied relief, and Plumb and Gavrilescu appealed.

There are two issues presented in this appeal. First, did the agency deny due process in failing to allow cross-examination of the ex-spouse whose evidence was relied upon by the agency in determining that the marriage was fraudulent? *See Ching v. Mayorkas*, 725 F.3d 1149 (9th Cir. 2013). Second, was the agency's finding of fraud arbitrary and capricious? We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

The parties are familiar with the facts in this case, and we recount them only as necessary to explain our decision.

---

[1] We grant the unopposed motion to file supplemental excerpts of record under seal. We also grant the motion for judicial notice of the certified administrative record in *Ching v. Mayorkas.* A court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases. . . .").

1.  We hold that Appellants cannot claim a due process violation under *Ching v. Mayorkas*. 725 F.3d 1149 (9th Cir. 2013).*Ching* held that there is a due process right to cross-examination of an adverse witness under certain specific circumstances during the I-130 petition process.  *Id.* at 1159.  However, Appellants never requested that the agency provide an opportunity for cross-examination.

While we agree with the district court that Appellants were required to request cross-examination, the agency appears to have done nothing to implement our holding in *Ching*.  So far as the record before us shows, the agency neither informs applicants of their right under *Ching* nor provides a mechanism for a *Ching* hearing.  Neither party before us could name a single time when a *Ching* hearing has ever been conducted in the decade since the decision.  Though applicants ultimately have the burden to request a *Ching* hearing, we fault the agency for failing to inform applicants of their right under *Ching* and to provide a mechanism to implement that right.

2.  The agency may deny an I-130 petition under 8 C.F.R. § 204.2(a)(1)(ii) when there is "substantial and probative" evidence of marriage fraud.  On review of the agency decision in this case, "the appellate court must examine whether there was 'substantial evidence' to support the finding."  *Zerezghi v. USCIS*, 955

F.3d 802, 814 n.6 (9th Cir. 2020). We hold that substantial evidence in the record supports the agency's finding.

**AFFIRMED.**